THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CV-114-D(3)

| | |
|---|---|
| JAMES M. GALLAGHER, as Trustee for and on behalf of National Packaging Solutions Group Trust, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUTHERN SOURCE PACKAGING, LLC, <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

This Cause comes before the Court upon Defendant's Motion for Summary Judgment **[DE's 24-25]**. Plaintiffs have responded to this motion **[DE-26]** and Defendant has filed a reply **[DE-28]**. On June 13, 2007, in light of the Court's ruling on Plaintiffs' motion to file an amended complaint and motion to intervene, all parties were instructed to file supplemental memoranda on the issues presented in the Motion for Summary Judgment **[DE-30]**. The parties have done so **[DE's 38-39]** and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment be DENIED.

**I. BACKGROUND**

On September 17, 2004, Defendant entered into an agreement ("Sale Agreement") to

purchase certain assets of Plaintiffs National Packaging Solutions Group, Inc., Pettyjohn Packaging, Inc. and Custom Container Corp. ("Sellers"). Defendant promised in the Sale Agreement to make a deferred payment of $1,500,000.00 ("Deferred Payment") to the Sellers on September 30, 2005. The Sale Agreement specifically provides that it should be construed in accordance with and governed by the laws of the State of Indiana. **[DE 25-2, Art. 18, ¶ I, pg. 22]**

Three months after the execution of the Sale Agreement, the Sellers transferred, assigned, and delivered all of their rights, titles and interests in certain assets of Sellers, including any amounts due to the Sellers pursuant to the Sale Agreement, to the National Packaging Solutions Group Trust ("Trust"). According to Defendant, this assignment violated the terms of the Sale Agreement because Sellers did not obtain the prior written consent of Defendant. Specifically, the Sale Agreement provides:

> Successors and Assigns. This Agreement shall bind and inure to the benefit of the parties and their successors and assigns; provided, that neither party shall assign this Agreement or any rights under this Agreement to any other person without the prior written consent of the other, which consent may be withheld by either party hereto in its respective sole discretion, except that Buyer may assign all rights and obligations under this Agreement to a limit partnership or limited liability company in which Buyer is a general partner or member. Any other attempted or purported assignment or transfer of this Agreement by a party without such consent of the other party shall be null and void.
> **[DE 25-2, Art. 18, ¶ D, pg. 21]**

Defendant failed to make the Deferred Payment when due. However, Defendant contends that because it suffered damages as a result of untrue representations and warranties made by Sellers it was not required to make the Deferred Payment. Plaintiff James M.

2

Gallagher, as trustee of the Trust, sought to recover the unpaid sum by filing the Original Complaint in this matter **[DE-1]**.  On June 26, 2007, an Amended Complaint was filed which added Sellers as named Plaintiffs **[DE-33]**.

## II.  ANALYSIS

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317 (1986); Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).  The moving party can bear his burden either by presenting affirmative evidence, or by demonstrating that the non-movant's evidence is insufficient to establish his claim.  Celotex, 477 U.S. at 331 (Brennan, J., dissenting).  Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial.  Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings.  Celotex, 477 U.S. at 324; see also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant.  Anderson, 477 U.S. at 255.  Construction of a written contract is a question of law for which summary judgment is particularly appropriate.

3

Ramirez v. Am. Family Mut. Ins. Co., 652 N.E. 2d 511, 514 (Ind. Ct. App. 1995).

In the instant motion for Summary Judgment, Defendant seeks the dismissal of Plaintiff Gallagher from this action. Defendant argues that Plaintiff Gallagher lacks standing to be named as a Plaintiff in this matter because Defendant did not provide consent to the assignment of the Sale Agreement to the Trust. Therefore, Defendant asserts that Plaintiff Gallagher is neither a party to the Sale Agreement nor in privity with those who are parties to the Sale Agreement. Daimler Chrysler Corporation v. Franklin, 814 N.E. 2d 281, 285-86 (Ind. App. 2004)(stranger to the contract is not in privity with parties to contract). Under Indiana law, generally only those who are parties to a contract or those in privity with a party have a right to enforce the contract. Indiana Gaming Co. v. Blevins, 724 N.E. 2d 274, 277 (Ind. App.) *trans. denied*, 735 N.E. 2d 235 (2000). However, Plaintiffs argue that a prohibition of assignment of rights under the contract does not prohibit assignment of claims for money damages for nonperformance.

Indiana common law recognizes the assignment of contractual rights. Chrysler Fin. Co., LLC v. Ind. Dep't of State Revenue, 761 N.E. 2d 909, 912 (Ind. Tax 2002). The general rules of contract interpretation apply in construing assignment agreements. Downing v. Dial, 426 N.E. 2d 416, 419 (Ind. App. 1981). Specifically:

> When construing the meaning of a contract, our primary task is to determine and effectuate the intent of the parties. First, we must determine whether the language of the contract is ambiguous. The unambiguous language of a contract is conclusive upon the parties to the contract and upon the courts. If the language of the instrument is unambiguous, the parties' intent will be determined from the four corners of the contract . . .We read the contract as a whole and will attempt to construe the contractual language so as not to render

4

> any words, phrases, or terms ineffective or meaningless.
> Whitaker v. Brunner, 814 N.E. 2d 288, 293-94 (Ind. App. 2004)(internal quotations and citations omitted).

However, because anti-assignment clauses are a restriction on alienation, they must be strictly construed against the party urging the restriction. Elzinga & Volkers, Inc. v. LSSC Corp., 838 F. Supp 1306, 1313 (N.D.Ind. 1993) Likewise, the "case law of most states is in accord that a prohibition on assignment does not prohibit assignment of claims for money damages for nonperformance." *Id.* at 1314 (collected citations omitted). The Restatement (Second) of Contracts further explains:

> A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested . . .does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation . . .gives the obligor a right to damages for breach of the terms forbidding assignment but does not render the assignment ineffective . . .
> Restatement (Second) of Contracts § 322(2)(a).

Thus "an antiassignment provision in a contract is unenforceable against an assignee unless a different intention is manifested." Bank of America, N.A. v. Moglia, 330 F.3d 942, 948 (7th Cir. 2003)(*citing* Restatement (Second) of Contracts § 322(2)). Each party cites § 322(2) as supporting their position. Plaintiffs argue that § 322(2)(a) is dispositive because "[t]he only right being assigned by [Sellers] is a right arising out of [Seller's] due performance - namely, the right to the deferred payment in the amount of $1.5 million." **[DE-26, pg. 2-3]**. Likewise, the Original Complaint filed by Plaintiff Gallagher asserts, *inter alia*, a breach of contract claim. However, Defendant argues that the parties manifested an intention to prohibit an assignment for a right arising out of Sellers' due performance or for breach of contract.

5

The antiassignment provision of the Sale Agreement states "that neither party shall assign this Agreement or any rights under this Agreement to any other person without the prior written consent of the other" **[DE 25-2, Art. 18, ¶ D, pg. 21]**. Although the provision mentions "this Agreement" and "any rights under this Agreement", there is no language in the Sale Agreement specifically forbidding assignment of a right arising out of due performance or of the right to collect damages for breach. Nor has Defendant forwarded any other evidence to indicate the parties' intention was different. Accordingly, the undersigned finds that the parties have not manifested a different intention which would supercede the default provisions of § 322(2). Rather, this situation is precisely that which is anticipated by the Restatement (Second) of Contracts. Namely, "rights" are prohibited from being assigned, but nothing in the record specifically addresses a right arising out of due performance or the right to collect damages for breach. See also Restatement (Second) of Contracts § 322, illus. 1 & 2.

In addition, Defendant itself has cited with approval cases which indicate that parties drafting a antiassignment provision must be clear whether its terms apply to: 1) the assignment of rights; 2) the assignment of duties; or 3) both. Traicoff v. Digital Media, Inc., 439 F. Supp. 2d 872, 879 (S.D.Ind. 2006). The antiassignment clause in question initially states that it prohibits the transfer of the Sale Agreement or any rights under it. However, when later describing which assignments are rendered null and void it only mentions assignments of "the Agreement." See Restatement (Second) of Contracts §322(2)(b). Regardless, the antiassignment provision of the Sale Agreement does not divest Plaintiff

Gallagher of standing to sue in this matter. On the contrary, Plaintiff Gallagher is in privity with Sellers. Polinsky v. Violi, 803 N.E. 2d 684, 687 (Ind. App. 2004)(describing privity of contract as "a mutual or successive relationship as to the same right of property, or an identification of interest of one person with another as to represent the same legal right"). Accordingly, Defendant's Motion for Summary Judgment is meritless.

## III. CONCLUSION

For the aforementioned reasons, it is RECOMMENDED that Defendant's Motion for Summary Judgment **[DE-24]** be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 18th day of July, 2007.

_____
William A. Webb
U.S. Magistrate Judge